IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT E. ALEXANDER,

                    OPINION AND ORDER

        Plaintiff,

                    11-cv-808-slc[1]

    v.

MARIE SVEC (WCI Social Worker),
RON WILLIAMS (WCI Social Worker) and
DARRELL ALDRICH (WCI Social Services Supervisor/Director),

        Defendants.

---

    In this proposed civil action for monetary, injunctive and declaratory relief, plaintiff, a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin, contends that defendants Marie Svec, Ron Williams and Darrell Aldrich violated his rights under the First, Eighth and Fourteenth Amendments by committing unspecified acts relating to his visitation with his adult daughter. Plaintiff is proceeding under the *in forma pauperis* statute, 28 U.S.C. § 1915 and has made an initial partial payment.

    Because plaintiff Robert Alexander is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

Here, the complaint will be dismissed without prejudice because Alexander failed to include sufficient facts -- and really any -- to show that he is entitled to relief. Fed. R. Civ. P. 8. Rule 8(a)(2) requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

In his proposed complaint, Alexander merely refers to an existing case in this court and an inmate complaint that he filed regarding his visitation rights with his adult daughter. He does not explain what happened, when it occurred or what actions each of the defendants took that violated his visitation rights with his daughter or anyone else. Although Alexander may have an ongoing case with similar facts, each lawsuit must have its own independent and operative pleading. If the operative pleading consists of multiple documents in separate lawsuits, the scope of the plaintiff's claims in different cases blur and it becomes difficult, if not impossible, for the defendants to file an answer. To avoid ambiguity, the complaint in each case must be self-contained.

Because Alexander's complaint does not comply with Rule 8, it will be dismissed it without prejudice. He is free to file an amended complaint that fixes these problems, but an amended complaint must contain short and plain statements of fact made in numbered paragraphs, explaining what happened to make him believe his rights were violated, when it happened and who did it. In other words, Alexander should write his complaint as if he

is telling a story to someone who knows nothing about his situation. He should take care to identify the actions taken by each individual that he claims violated his rights and should list each such individual as a defendant.

In a letter dated January 1, 2012, plaintiff requested that Warden William Pollard be added as a defendant in the lawsuit. (Dkt. #7.) Because the court is dismissing plaintiff's complaint, that request is moot. If plaintiff chooses to submit a proposed amended complaint correcting the Rule 8 deficiencies, he may add Warden Pollard as a defendant provided he also includes specific allegations detailing the warden's *personal* involvement in the alleged wrongdoing.

As a final matter, I note that on June 11, 2012, Alexander filed what could be construed as a motion to transfer his case to the U.S. District Court for the Eastern District of Milwaukee. (*See* dkt. #8 at 3.) Plaintiff argues that because all of the issues raised in this lawsuit occurred in Dodge County, the Eastern District is the proper venue. Because plaintiff has not submitted a viable complaint, however, defendants have not yet had an opportunity to appear. Therefore, entertaining a motion to transfer would be premature. Plaintiff may, of course, choose to dismiss this lawsuit voluntarily and file a new lawsuit in the Eastern District. However, plaintiff would still have to pay the remainder of the filing fee in this lawsuit, as well as a separate filing fee in the Eastern District.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Alexander's request for leave to proceed *in forma pauperis* in this action is DENIED and his complaint is DISMISSED WITHOUT PREJUDICE for violation of Fed. R. Civ. P. 8.

3

2. Plaintiff may have until October 16, 2012, to submit a proposed amended complaint. If plaintiff fails to respond by that date, then the clerk of court is directed to close this case for petitioner's failure to prosecute. If plaintiff submits a revised complaint by that date, the court will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2).

3. Plaintiff's request to add Warden William Pollard as a defendant (dkt. #7) is DENIED as moot.

4. Plaintiff's motion to transfer his case to the U.S. District Court for the Eastern District of Milwaukee (dkt. #8) is DENIED.

Entered this 25th day of September, 2012.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge